# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned On Briefs August 14, 2012

## CRAIG L. BEENE V. STATE OF TENNESSEE and JOE EASTERLING, WARDEN

### Appeal from the Circuit Court for Dickson County
### No. CR6611A    Robert Burch, Judge

### No.  M2011-02666-CCA-R3-HC - Filed March 8, 2013

Petitioner, Craig L. Beene, appeals Dickson County Circuit Court's denial of his petition for writ of habeas corpus.  After a review of the record and applicable authorities, we conclude that the failure of Petitioner to file a complete copy of the petition for habeas corpus relief or the judgments from which he is appealing violate the requirements for seeking habeas corpus relief.  Therefore, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Craig L. Beene, Pro Se, Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; and Dan M. Alsobrooks, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. FACTS

From the scant record on appeal, it appears that Petitioner pled guilty to and was convicted of attempted first-degree murder, especially aggravated kidnapping, and aggravated assault. *See Craig Lamont Beene v. State*, No. M2005-01322-CCA-R3-PC, 2006 WL 680919, at *1 (Tenn. Crim. App., at Nashville, Mar. 17, 2006), *perm. app. denied*, (Tenn. Jun. 26, 2006).  Pursuant to a plea agreement, Petitioner was sentenced to seventeen years imprisonment. Petitioner unsuccessfully sought post-conviction relief on the basis that

he received ineffective assistance of counsel and entered an unknowing and involuntary guilty plea. *Id.* The denial of post-conviction relief was affirmed by this Court. Subsequently, Petitioner filed a petition for writ of habeas corpus in Dickson County on July 6, 2007. In the petition, Petitioner asserted that his judgments were void and his guilty pleas were invalid because the trial court failed to inform him of the minimum and maximum penalties. *Craig L. Beene v. State*, No. W2007-01748-CCA-R3-HC, 2008 WL 539049, at *1 (Tenn. Crim. App., at Jackson, Feb. 27, 2008). The petition was denied by the trial court for failing to state a claim upon which habeas corpus relief could be granted. The denial of relief was affirmed by this Court on appeal. *Id.* at *2.

Petitioner again sought habeas corpus relief on November 30, 2009. The technical record submitted to this Court herein contains the front page of Petitioner's "Petition for writ of habeas corpus request to rule instan[t]er." The portion of the petition contained in the technical record[1] does not contain the grounds for relief. The record then contains a "motion to amend writ of habeas corpus" and "motion for leave to file an amended writ of habeas corpus." From our review of the record, it appears that there is not a copy of a complete petition in the technical record.

More curiously, there are two orders appearing to dispose of Petitioner's petition for relief. The first, entitled "order on petition for writ of habeas corpus," in case number CR-6611was filed on December 3, 2009. In that order, the habeas corpus court states that Petitioner "alleges that the trial court did not have jurisdiction . . . because of a conflict of interest by his trial counsel and Petitioner's mental condition." The habeas corpus court determined that these matters were previously litigated in Petitioner's post-conviction proceedings. Further, the court deemed the claims "frivolous." The second order, filed July 25, 2011, also in case number CR-6611, is entitled "order denying amended petition for writ of habeas corpus." This order explains that Petitioner is asking for habeas corpus relief, a determination that trial counsel was ineffective and that Petitioner should receive a retrial, and a determination that the guilty plea was unknowing and involuntary. The habeas corpus court denied habeas corpus relief. In the order, the court determined that the petition was, in substance, a petition for post-conviction relief. Additionally, the court determined that the claims were frivolous because they had been previously litigated.

Petitioner filed a notice of appeal on December 23, 2010. That same day, he also filed an application for a delayed appeal. Petitioner then filed notices of appeal on July 27, 2011, and August 22, 2011.

---

[1]It appears that only the first page of the petition is included in the technical record.

*Analysis*

On appeal, Petitioner argues that the trial court erred in removing sentencing credits after ruling that his appeal was frivolous; that his appeal was not frivolous; and that his due process rights have been violated by "not enforcing appellate rules of filing record." In a reply brief, Petitioner also contends that the court erred in denying the petition for habeas corpus relief. The State insists that the petition was properly dismissed.

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as the petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *See also Hickman*, 153 S.W.3d at 21.

As noted above, the record does not contain a complete copy of the original petition for habeas corpus relief. Thus, rendering the appellate record inadequate. Moreover, the petition does not contain the judgments from which the Petitioner is appealing. As set forth above, Petitioner was required to attach to his petition a copy of the judgments of conviction leading to his restraint or provide a satisfactory reason for their absence. *See* T.C.A. 29-21-107(b)(2). The statutory requirements for the contents of a petition for a writ of habeas corpus are mandatory and failure to meet those requirements warrants dismissal of the petition. *See Hickman*, 153 S.W.3d at 21. Petitioner is not entitled to relief. The judgment of the habeas corpus court is affirmed.

*Conclusion*

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.


_____
JERRY L. SMITH, JUDGE